IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAFETY VISION, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>SOLID WASTE SERVICES, INC.<br>d/b/a J. P. Mascaro & Sons,<br><br>   Defendant. | Civil Action No._____ |

## COMPLAINT

Plaintiff, SAFETY VISION, LLC, by and through undersigned counsel, files this COMPLAINT against Defendant SOLID WASTE SERVICES, INC. D/B/A J.P. MASCARO & SONS ("MASCARO"), and as grounds therefore shows as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Safety Vision, LLC ("Plaintiff," "Safety Vision," or "SV") is a Texas limited liability company that maintains its principal office and place of business in Harris County, Texas.

2. There are 3 members of Safety Vision who are Bruce H. Smith and two trusts for the benefit of his children, whose place of residence and citizenship is in Houston, Harris County, Texas.

3. Defendant Solid Waste Services, Inc. d/b/a J.P. Mascaro & Sons, ("Defendant" or "Mascaro") is a Pennsylvania corporation with its principal place

1

of business and registered address located at 2650 Audubon Road, Audubon, Pennsylvania 19403 in Montgomery County.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, as there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds the jurisdictional threshold of this Court, exclusive of interest and costs.

5. This Court has jurisdiction over Defendant because the acts and/or omissions at issue in this litigation occurred in Montgomery County within this District, and Defendant regularly conducts business in Pennsylvania and Montgomery County.

6. This Court further has jurisdiction over this matter as the claims asserted by Plaintiff stem from a prior lawsuit filed in the Eastern District of Pennsylvania bearing Civil Action No. 2-22-cv-03187 MSG styled *Solid Waste Services, Inc. d/b/a J.P. Mascaro and Sons vs. Safety Vision LLC* (the "Lawsuit").

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(a) as the substantial part of the events giving rise to this claim occurred within this District.

8. Venue is also proper in this District pursuant to 28 U.S.C. §1391(b) as Defendant maintains its principal place of business within this District.

## BACKGROUND

9.  SV through its attorney of record files this Complaint against Defendant Mascaro to include a count for breach of certain Agreements between the parties that came about in a lawsuit in the Eastern District of Pennsylvania in No. 2-22-cv-03187 MSG styled *Solid Waste Services, Inc. d/b/a J.P. Mascaro and Sons vs. Safety Vision LLC* ("Lawsuit"). Based on an agreement of the parties, the Lawsuit was voluntarily terminated without prejudice. As discussed herein, the phrase "certain Agreements" as stated in the recital of the Order refers to a bundle of 4 agreements between the Parties as alleged herein including a Standstill Agreement and an Ancillary Agreement to the Standstill, copies of which are attached hereto as Exhibits A (excerpts per Local Rules) and B, respectively, and provisions therein are cited hereinafter.

10. In addition to the breach of the Agreements, and in the alternative, SV re-asserts the pending causes of action for suit on account, breach of contract and quantum meruit, plus attorney fees, interest and costs as set forth in its original Counterclaim (Doc. 9[1]) in the Lawsuit. In short, this Complaint leaves intact all of the original counterclaim allegations except the principal amount of damages has been reduced and adds an additional contract claim (count one) for the event and occurrence following the filing of the original counterclaim.

---

[1] *See* case no. 2-22-cv-03187 filed in the Lawsuit in the Eastern District of Pennsylvania, Doc. 9, pages 15 to 28 thereof.

11. As alleged in the Lawsuit and re-alleged herein, SV and Mascaro asserted certain claims and causes of action against each other arising out of the sale and purchase of audio and video mobile camera equipment ("Equipment") and, following removal from the Pennsylvania state court, filed said claims in the Lawsuit.

12. SV entered into a series of contracts with Mascaro pursuant to which SV sold and installed specified equipment at an agreed to price. Following delivery and installation, SV sent Mascaro invoices containing the terms of the sale. Defendant agreed that it would pay the invoices. The terms set forth on the invoices included a 'choice of law" clause providing that Texas law will be applicable should a dispute arise. Plaintiff's causes of action arise from or relate to the sale and installation of SV equipment, as the Seller, and Mascaro, as the Buyer, and are sometimes referred to herein as the "Equipment Claims".

13. In its original counterclaim SV alleged that Mascaro breached the contract by not making payments for products it ordered and received, and that Mascaro owed SV at least $376,025.35 for the equipment it received and accepted under the contract and had routinely and regularly used said equipment prior to the filing of the Lawsuit and continues to use said equipment to this date.

14. Partial payments were made by Mascaro at SV's Houston, Texas office on some of the invoices; however, a substantial balance remained due and

owing and had not been paid, despite demand, at the time of the filing of the original counterclaim. The outstanding balance, not including interest and counsel fees, was $376,022.35, and since the execution of the certain Agreements in 2023 and partial performance by Mascaro in 2023, as of the filing of this Complaint, there remains due and owing the sum of $141,996.95, exclusive of interest, costs, and fees.

15. After the Lawsuit was filed and following a Scheduling Order dated January 5, 2023, SV and Mascaro signed several agreements in March/April 2023 as part of the decision to attempt resolution of the claims between them in the Lawsuit, collectively referred to as "certain Agreements". Shortly thereafter, the parties entered into a *Stipulation and Order To Terminate Civil Action* on May 16, 2023 and filed it in the Lawsuit on the premise that a good faith effort to effectuate ongoing settlement discussions and resolution would take place. The recitals, in said stipulation, are quoted here:

> **WHEREAS**, *on or about April 3, 2023, the Parties entered into certain Agreements in good faith in an attempt to amicably resolve the claims of both Parties without the need for further litigation; and*
> **WHEREAS**, *pending such amicable resolution, the Parties have agreed to terminate their claims under this lawsuit, without prejudice;*
> **NOW, THEREFORE**, *the undersigned counsel, on behalf of their respective clients, hereby stipulate and agree to the termination of this action, without prejudice, pending the possible resolution of all claims thereunder.*

16. Per the terms of the certain Agreements, the Ancillary Agreement to the Standstill Agreement (Exhibit B) specifically provided for the return of

Uninstalled Equipment for a credit sum in the amount of $227,530.26 against the balance owed SV, and the cash sum of $141,996.95 by Mascaro to be held in escrow with provisions for release of the escrow funds to SV. Mascaro did accommodate the return of the Uninstalled Equipment to SV, and Mascaro received a credit for $227,530.26, leaving a balance owed of $141,996.95, the amount held in escrow and sued on herein.

17. The $141,996.95 was remitted by Mascaro to the Escrow Agent, Silverstein Firm, LLC[2]. The funds continue to be held in the trust account of the Escrow Agent.

18. The release of the escrow funds to SV was dependent on Mascaro taking affirmative action to seek and participate in resolution discussions. The parties contemplated a window of about 90 days to commence these discussions. Mascaro took no steps under paragraphs 4 and 5 of the *Ancillary Agreement to the Standstill* during the 90 days or at any time thereafter.

19. Despite several attempts by SV requesting Mascaro to perform the terms of the certain Agreements, Mascaro has failed and refused to do so.

20. Notice of default by Mascaro of the terms of the certain Agreements have been made, including demand for the immediate release of the escrow funds to SV.

---

[2] Ira Silverstein was an attorney of record as local counsel for Safety Vision, LLC, licensed in Pennsylvania and admitted to practice in the EDPA. He has retired from the practice of law.

21. Defendant has failed and refused to give the Escrow Agent instructions for the release of the funds.

22. Further, the parties understood and agreed that the effort to amicably resolve the ongoing dispute might not work, and pursuant to the "certain Agreements," they preserved their respective rights to pursue the same pending claims in the United States District Court, Eastern District of Pennsylvania. *See*, Exhibits A and B.

23. All conditions precedent to Plaintiff's right to recover as herein alleged have occurred, have been performed, or have been waived or excused.

**COUNT ONE – BREACH OF SETTLEMENT AGREEMENTS**

24. Plaintiff repeats and realleges the allegations set forth in the above paragraphs as if fully set forth at length herein.

25. At all relevant times herein, the Standstill Agreement attached as Exhibit A was in full force and effect.

26. At all relevant times herein, the Ancillary Agreement to the Standstill Agreement attached as Exhibit B was in full force and effect.

27. Pursuant to the terms of the Ancillary Agreement to the Standstill Agreement, the cash sum of $141,996.95 was remitted by Defendant to the Escrow Agent, Silverstein Firm, LLC

28. The release of the escrow funds to SV was dependent on Defendant taking affirmative action to seek and participate in resolution discussions.

29. Defendant breached the Ancillary Agreement to the Standstill Agreement by failing to seek and participate in resolution discussions.

30. Despite several attempts by Plaintiff requesting Defendant to perform the terms of the certain Agreements, Defendant has failed and refused to do so, and therefore has breached the Standstill Agreement and Ancillary Agreement to the Standstill Agreement.

31. These agreement also required Defendant to provide the Esfrow Agent with instructions for the release of the funds held in escrow. Defendant has failed to do so, and therefore is in breach of the agreements.

32. Plaintiff has fully performed its obligations under the agreements.

33. Plaintiff has been damaged by the above-referenced breaches committed by Defendant.

34. The breach of the agreements by Defendant proximately caused damages to Plaintiff in an amount not less than $141,996.95, plus interests, costs, and fees incurred associated with this litigation. Said damages are continuing in nature and exceed the jurisdictional limits of this Court.

35. In addition, Plaintiff will request that the Escrow Agent deposit the escrow funds with this Court and the funds remain in the registry of this Court until this matter is resolved and dismissed, and said Escrow Agent be discharged.

## COUNT TWO – ACCOUNT

36. Plaintiff repeats and realleges the allegations set forth in the above paragraphs as if fully set forth at length herein.

37. Further, Counts Two, Three and Four as asserted in the original Counterclaim are incorporated herein by reference and reasserted herein at this spot.

38. SV, at the request of Marasco and in consideration of Mascaro's promise to pay the purchase price, furnished the materials and services described therein.

39. Defendant received and accepted such materials and services benefited thereby and continues to use the equipment to this day. The prices charged represent the reasonable market value for such equipment and related services, and the balance of $376,022.35 was just, true, due and unpaid at the time the Lawsuit was filed.

40. All just and lawful offsets, payments, and credits have been allowed, following the return of some equipment, the balance due and owing is now $141,996.95.

41. SV fully performed all conditions precedent and performed all such services as reasonably requested by Defendant Mascaro, in the time, manner and place as required.

42. Defendant has failed to abide by its promise to pay SV for the materials and services and continues to refuse payment.

43. This is an action founded upon an account for goods, wares and merchandise, and on business dealings of the parties, and for services rendered and materials furnished, on which a systematic record has been kept.

44. Plaintiff has been damaged by the above-referenced actions committed by Defendant.

45. Defendant's actions proximately caused damages to Plaintiff in an amount not less than $141,996.95, plus interests, costs, and fees incurred associated with this litigation. Said damages are continuing in nature and exceed the jurisdictional limits of this Court.

### COUNT THREE – BREACH OF CONTRACT

46. Plaintiff repeats and realleges the allegations set forth in the above paragraphs as if fully set forth at length herein.

47. In the alternative, without waiving the cause of action for an account, SV re-alleges the facts set forth above and further re-asserts its cause of action for

breach of contract against Defendant Mascaro, whereby Mascaro agreed to pay SV for the goods and services which it has failed to provide.

48. Therefore, Defendant is liable to SV for the current principal balance due of $141,996.95.

49. The parties to the contract were at all times aware, and each party acted with the understanding and knowledge that the materials and services in question were provided by SV directly or for the benefit of Mascaro.

50. Mascaro breached its contract with SV and failed to pay for the materials, goods and services after repeated demands by SV.

51. As a direct and proximate result of the breach of contract, SV has sustained damages in the amount of not less than $ 141,996.95, for which amount it hereby sues.

52. Defendant's actions proximately caused damages to Plaintiff in an amount not less than $141,996.95, plus interests, costs, and fees incurred associated with this litigation. Said damages are continuing in nature and exceed the jurisdictional limits of this Court.

## **COUNT FOUR – QUANTUM MERUIT**

53. Plaintiff repeats and realleges the allegations set forth in the above paragraphs as if fully set forth at length herein.

54. Again, and in the alternative, without waiving the above causes of action for suit on breach of the certain Agreements, account and breach of contract, SV re-alleges the facts set forth above and re-asserts its claim that Mascaro received the benefit of the materials, equipment and services as described herein.

55. Pursuant to the doctrine of "quantum meruit" SV is entitled to recover the reasonable value of the benefits conferred and bestowed upon Defendant.

56. Defendant's actions proximately caused damages to Plaintiff in an amount not less than $141,996.95, plus interests, costs, and fees incurred associated with this litigation. Said damages are continuing in nature and exceed the jurisdictional limits of this Court.

**COUNT FIVE – RECOVERY OF INTEREST AND ATTORNEYS' FEES**

57. Plaintiff repeats and realleges the allegations set forth in the above paragraphs as if fully set forth at length herein.

58. SV shows that the contract of the parties and the conduct of Defendant herein entitle SV to recover pre-judgment interest at the maximum rate allowed by law, attorneys' fees, and post-judgment interest, for all of which SV now sues.

59. Plaintiff is further entitled to recover all of its costs and reasonable and necessary attorneys' fees pursuant, but not limited, to Chapter 38 of the TEX. CIV. PRAC. REM. CODE.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Safety Vision, LLC prays that it be awarded at least $141,996.95, plus interest, costs, and fees as allowed by law and the terms of the contract, and attorneys' fees pursuant to Texas Civil Practices and Remedies Code §38.001, all other allowable costs and expenses incurred on its behalf, and for such other and further relief, both at law and in equity, Plaintiff may show itself to be justly entitled, including the release of the escrow funds to Plaintiff held by the escrow agent.

Respectfully submitted,

*/s/ David J. Dino*
David J. Dino, Esq.
Harris Beach Murtha Cullina PLLC
100 Wall Street, 23rd Floor
(212) 313-5484
ddino@harrisbeachmurtha.com


*/s/ Patrick J. McGettigan*
Patrick J. McGettigan
*\*Pro Hac Vice Application To Be Filed*
Tx. Bar. No. 13624500
2802 Flintrock Trace, Suite 367
Austin, TX 78738
Phone: 512-748-8371
Fax: 512-727-1879
pmcgettigan@inhousegc.com

**ATTORNEYS FOR PLAINTIFF**

## **PROOF OF SERVICE**

      I hereby certify that on this 23rd day of January, 2026, I served a true and correct copy of the foregoing Complaint in the above-captioned matter, upon the following persons by the Court's electronic filing system, if available, and by email:

William Fox
Attorney I.D. No. 21361
bill.fox@jpmascaro.com

Gregory W. Fox
Attorney I.D. No. 200846

2650 Audubon Road
Audubon, PA 19403
484-398-6500
greg.fox@jpmascaro.com

                                            */s/ David J. Dino*
                                            David J. Dino, Esq.